IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN THOMAS HUNTER, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 20-CV-570-SMY |
| | ) |
| E. WILLIAMS, | ) |
| | ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner John Thomas Hunter, Jr., currently incarcerated at FCI-Greenville, Illinois, filed the instant habeas corpus action pursuant to 28 U.S.C. § 2241 challenging the constitutionality of his confinement. Citing *United States v. Davis*, 139 S. Ct. 2319 (2019) and other decisions, Hunter argues that his conviction under 18 U.S.C. § 924(c) is unconstitutional and that he is entitled to relief.

The case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) authorizes the Court to apply the Rules to other habeas corpus cases, such as this action under 28 U.S.C. § 2241. After carefully reviewing the Petition and Hunter's subsequent filings (Docs. 4 and 5), the Court concludes that this action is subject to dismissal.

**Background**

Hunter was convicted in 1995 of conspiracy to commit bank robbery, 16 counts of armed bank robbery, and 16 counts of carrying or using a firearm during those robberies in violation of 18 U.S.C. §§ 371, 2113(a) and (d), and 924(c)(1), respectively. *United States v. Hunter*, 86 F.3d 679 (7th Cir. 1996). He was sentenced to 320 years of incarceration and 5 years of supervised release and his conviction and sentence were affirmed on direct appeal. *Id.*, *cert. denied*, 519 U.S. 985 (1996); *United States v. John T. Hunter, Jr.*, 1:93-cr-318-2 (N.D. Ill.), Doc. 150. His motion under 28 U.S.C. § 2255 was denied on September 2, 1997, *United States v. Hunter*, 982 F.Supp. 541 (N.D. Ill. 1997), and a certificate of appealability was subsequently denied by the Seventh Circuit Court of Appeals. *See USA v. Hunter*, 1:97-cv-1970 (N.D. Ill. 1997), Doc. 22.

On February 26, 2020, Hunter filed an application for an order authorizing the District Court to consider a second or successive motion under § 2255. *John Hunter Jr. v. USA*, 20-1339 (7th Circ. 2020). He argued that *Davis*' holding, that the "residual" definition of "crime of violence" in 18 U.S.C. § 924(c)(3)(B) is unconstitutional, renders his § 924(c) convictions invalid. In denying the application, the Seventh Circuit found that armed bank robbery is a crime of violence as defined under § 924(c)(3)(A) and that *Davis* did not apply. The Court further found that Hunter's argument that a *Pinkerton v. United States*, 328 U.S. 640 (1946), jury instruction may have confused the jury would not make *Davis* applicable.

Hunter's § 2241 Petition in this case was filed on June 16, 2020 (Doc. 1). Notwithstanding the Court of Appeal's specific finding, he argues that *Davis* in combination with a *Pinkerton* jury instruction renders his § 924(c) convictions invalid. He further argues that § 2241 is the correct vehicle for pursuing this claim under § 2255(e)'s savings clause and the test articulated in *In re Davenport*, 147 F.3d 605 (7th Cir. 1998).

## Discussion

Generally, petitions for writ of habeas corpus under 28 U.S.C. § 2241 may not be employed to raise claims of legal error in conviction or sentencing; they may only challenge the execution of a sentence. *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). Thus, aside from the direct appeal process, a prisoner who has been convicted in federal court is ordinarily limited to challenging his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the court which sentenced him. *See Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). Additionally, he may not file a "second or successive" § 2255 motion unless a panel of the appropriate court of appeals certifies that such motion contains either 1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or 2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

Under very limited circumstances, a prisoner may challenge his federal conviction or sentence under § 2241. Specifically, § 2255(e) contains a "savings clause" (also referred to as the "safety-valve" clause, *see Reynolds v. United States*, Case No. 18-cv-691 (M.D. Pa., Doc. 5, April 4, 2018)) which authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). *See United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002).

The fact that Hunter is barred from bringing a successive § 2255 petition is not sufficient to render it an inadequate remedy. *Davenport*, 147 at 609-10 (§ 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior § 2255 motion). Rather, under § 2241, a petitioner must demonstrate the inability of a § 2255 motion to cure the defect in the conviction, because of a structural problem inherent in § 2255.

*See Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015). "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant *any* opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *Davenport*, 147 F.3d at 611.

Following *Davenport* and its progeny, the Seventh Circuit has articulated a three-part test for determining whether § 2255 is inadequate or ineffective so as to trigger the savings clause:

- The federal prisoner must seek relief based on a decision of statutory interpretation (as opposed to a decision of constitutional interpretation, which the inmate could raise in a second or successive § 2255 motion);

- The statutory rule of law in question must apply retroactively to cases on collateral review *and* could not have been invoked in a first § 2255 motion; and

- A failure to afford the prisoner collateral relief would amount to an error "grave enough" to constitute "a miscarriage of justice."

*Worman v. Entzel*, 953 F.3d 1004, 1008 (7th Cir. 2020) (emphasis in original) (citing *Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016); *Beason v. Marske*, 926 F.3d 932, 935 (7th Cir. 2019)).

Hunter's Petition fails to satisfy the first condition – *Davis* is not a decision of statutory interpretation; it considered a constitutional issue which could be raised in a successive § 2255 motion (a fact that Hunter recognized by first seeking approval from the Court of Appeals to raise this very claim). *Id.* 139 S.Ct. at 2324. And, his claim cannot be considered because the Court of Appeals denied his application to file a second or successive § 2255 motion.

Because Hunter cannot meet the first *Davenport* requirement, his § 2241 Petition will be dismissed. In light of this conclusion, the Court will not address his argument that § 924(c)(3)(A) is unconstitutionally vague alone and in combination with a *Pinkerton* jury instruction.

### Disposition

For the foregoing reasons, the Petition is summarily **DISMISSED** with prejudice (Doc. 1). All pending motions are **DENIED AS MOOT** (Docs. 4 and 5). The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

It is not necessary for Petitioner to obtain a certificate of appealability from this disposition of his § 2241 Petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000). If Petitioner wishes to appeal, he may file a notice of appeal with this Court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1)(B)(iii). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

A motion for leave to appeal *in forma pauperis* must identify the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).

**IT IS SO ORDERED.**

**DATED:  February 26, 2021**

*[signature: Staci M. Yandle]*

**STACI M. YANDLE**
**United States District Judge**